OPINION
{¶ 1} Appellant Amanda Dingey appeals the judgment entered on July 25, 2007 by the Muskingum County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and obligations with respect to her minor son, Chauncey Dingey. Appellee is the Muskingum County Children Services ("MCCS").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Chauncey Dingey (DOB 8-14-04) is the child of Amanda Dingey (DOB 3-26-87) ("Appellant") and Ryan Dingy (9-29-89), full biological siblings. In July, 2004 Appellant, Ryan and another sister Ashley, were removed from their parents' home at 52 Shawnee Avenue, South Zanesville, Ohio and placed into the custody of MCCS. The children were removed for several reasons including the incest that occurred in the home, the denial of the incest, the unsafe conditions of the home and concerns regarding the parents' mental health and social isolation of the family.
 {¶ 3} At the time of Chauncey's birth, Appellant was residing in a foster home. On March 3, 2005, Chauncey was placed in the temporary custody of MCCS when Appellant turned eighteen and returned to her parents' home. Chauncey was adjudicated dependent on January 23, 2006.
 {¶ 4} On September 6, 2006, MCCS filed a Motion for Permanent Custody. The trial court held hearings on June 25 and June 27, 2007 regarding this motion. The witnesses who testified include numerous MCCS caseworkers assigned to this case; Dr. Cecil Miller, who conducted court-ordered psychological evaluations on Appellant; Dr. Kim Reilly, the child's primary pediatrician; Ruth Ellen Weaver, the child's guardian ad litem; and Appellant, who was represented by legal counsel. *Page 3 
 {¶ 5} The evidence adduced at hearing established that Chauncey has serious medical conditions and developmental delays. He was born with hole in his heart that was repaired shortly after birth but must take two cardiac medications and see his cardiologist in Columbus, Ohio every six months. He has a swallowing dysfunction and can only tolerate completely thickened foods or his will choke or aspirate which puts him at risk for pneumonia. He has asthma and takes medication by inhaler for the condition. He has developmental delays including speech, fine motor and gross delays for which he receives multiple therapies.
 {¶ 6} The evidence also indicates that Appellant has complied with some components of her case plan, such as obtaining her GED and completing parenting courses, but has failed to obtain suitable housing or stable employment. In addition, she does not drive. She continues to remain in her parents' home, which is contaminated with lead paint and is structurally unsafe. Photographs of the home were admitted at hearing depicting the conditions.
 {¶ 7} We note that the trial court also heard Dr. Miller, the psychologist who administered Appellants' psychological evaluations as required by the case plan. Specifically, Dr. Miller testified that Appellant has been very sheltered and isolated by her family to the point of neglect, is very ill equipped to function in society and minimizes the medical concerns with Chauncey. Additionally, Dr. Miller testified that at this time, Appellant was not capable of adequately parenting the child.
 {¶ 8} The guardian ad litem testified at the hearing and submitted a written report recommending the granting of permanent custody to MCCS. *Page 4 
 {¶ 9} The trial court granted permanent custody to MCCS and terminated Appellant's parental rights and obligations, stating the child has been in custody of MCCS for 12 or more months in a consecutive 22-month period; the child cannot be placed with either parent at this time or within a reasonable period of time; and it was in the child's best interest to grant permanent custody to MCCS.
 {¶ 10} It is from the trial court's findings of fact, conclusions of law and judgment entry that Appellant appeals.
 {¶ 11} Appellant assigns a sole error:
 {¶ 12} "I. THERE IS INSUFFICIENT CREDIBLE EVIDENCE TO SUPPORT THE JUDGMENT OF THE TRIAL COURT WHICH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,379 N.E.2d 578.
 {¶ 14} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court must schedule a hearing, and provide notice, upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care. *Page 5 
 {¶ 15} Following the hearing, R.C. 2151.414(B) authorizes the trial court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 16} Therefore, R.C. 2151.414(B) establishes a two-prong analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 17} In this case, the trial court found that two of the four circumstances delineated in R.C. 2151.414(B)(1) were found by clear and convincing evidence. First, the trial court found that the child has been in MCCS custody for 12 or more months in a consecutive 22 month period under division (d) of the statute. Appellant has not appealed this finding. Pursuant to R.C. 2151.414(B)(1) this conclusive finding, coupled with a showing by clear and convincing evidence that permanent custody is in the best interest of the children, provides a sufficient basis for this Court to affirm the trial court. *Page 6 
 {¶ 18} Nevertheless, this Court will address the issues raised by Appellant's sole assignment of error because the trial court further determined that the child cannot be placed with either parent at this time or within a reasonable period of time under division (a) of the statute. Appellant claims this finding is against the manifest weight of the evidence.
 {¶ 19} Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C.2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 20} The trial court found by clear and convincing evidence that the following factors set forth in R.C. 2151.414(E) were present: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties; * * * (14) The parent for any reason is unwilling to provide food, clothing, shelter and other basic necessities * * *; and (16) any other factor the court considers necessary. *Page 7 
 {¶ 21} In regards to termination of the mother's parental rights, the trial court found that Appellant failed to comply with the objectives of her case plan, specifically Appellant was unwilling to provide the child with safe housing and has repeatedly and consistently refused to receive help from caseworkers offering transportation, help with job searches, and help with housing. The trial court also focused on the likelihood the child might suffer from abuse or neglect in the future due to: (1) Appellant's refusal to follow instructions regarding the child's special and feeding needs; (2) Appellant's inability to transport the child to and from his numerous medical and therapy visits; and (3) the family history of social isolation and neglect.
 {¶ 22} This Court finds relevant competent, credible evidence was given at the motion hearing to support these findings. Therefore, the trial court's finding that the child cannot or should not be placed with Appellant was not against the manifest weight of the evidence.
 {¶ 23} Appellant further contends the trial court's finding that the best interest of the child would be served by granting permanent custody was against the manifest weight and sufficiency of the evidence.
 {¶ 24} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the *Page 8 
child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 25} In making determinations relative to permanent custody, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent or child. R.C. 2151.414 (C).
 {¶ 26} In light of the extended period of time the child has been in the custody of MCCSS, the mother's inability to secure safe housing for the child; the numerous medical and developmental needs of the child; the lack of suitable relatives to take the child and the report of the guardian ad litem, this Court finds the trial court's decision to permanently sever the parental relationship in the best interest of the child is supported by reliable, credible and competent evidence.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed
 Delaney, J., Gwin, P.J. and Hoffman, J. concur. *Page 1 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant. *Page 1